**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VENUS LABORATORIES, INC., d/b/a | ) | |
| EARTH FRIENDLY PRODUCTS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:15-cv-1617 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN VLAHAKIS, | ) | |
| and | ) | |
| | ) | |
| EARTHY, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**VERIFIED COMPLAINT**

Plaintiff Venus Laboratories, Inc., by and through its undersigned counsel, for its

Verified Complaint against Defendants John Vlahakis and Earthy, LLC alleges and states as

follows:

**THE PARTIES**

1.     Plaintiff Venus Laboratories, Inc., doing business as Earth Friendly Products, ("Venus"

or the "Company") is an Illinois corporation that is in the business of, among other things,

manufacturing and distributing household cleaning products.

2.     Defendant John Vlahakis ("John") is a former employee and Director of Venus,

residing in Winnetka, Illinois.  John is also the half-brother to the Company's current President,

Chief Executive Officer, and Treasurer Kelly Vlahakis-Hanks ("Kelly" or "CEO") and son of the

now-deceased founder of Venus, Van Vlahakis ("Van").

3. John registered Earthy, LLC with the Illinois Secretary of State on February 5, 2010, with John's home address listed as its principal office.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action because this is a civil action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a) as these claims are pendent, substantial and related claims so as to form part of the same case and controversy.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim arose in the Northern District of Illinois.

6. This Court has personal jurisdiction over Defendants as they reside in this judicial district, advertise and sell product in this judicial district and elsewhere in the State of Illinois, and have committed the wrongful acts complained of herein within the State of Illinois.

## FACTS

7. Since at least 1967, Venus has built a strong reputation as a family owned and operated business, manufacturing and distributing quality cleaning products. Its products include formulations that qualify under the United States Environmental Protection Agency's "Design for the Environment" Program.

8. In 1989, Venus began doing business as Earth Friendly Products and over time has produced such well-known products and product lines as ECOS, Baby ECOS, Dishmate, OXO Brite, EFP Proline, and Earthy (the Earthy line of products collectively referred to as the "Earthy Branded Products").

- 2 -

## Venus' Discovery of John's Infringing Conduct

9.      In January 2015, John filed a separate state action in DuPage County Illinois as Case No. 2015 CH 000015 ("State Action"), asserting various claims and seeking injunctive relief in connection with his claims as a purported shareholder, officer and director of Venus.  A true and correct copy of John's Complaint ("JV Complaint") is attached as Ex. 1.

10.      After being served with the lawsuit filed against it by John, the Company began collecting relevant documents, including emails sent and/or received by John.  The Company learned that John had been misrepresenting himself both inside and outside the Company, had violated a Non-Disclosure Agreement recently signed by John and Venus by disclosing proprietary materials to third parties, improperly executed agreements purportedly on behalf of the Company, and attempted to shop the Company to third party buyers after being told that the Company was not for sale. A copy of the December 3, 2014 Non-Disclosure Agreement signed by John Vlahakis and Venus is attached hereto as Ex. 2.

11.      Venus terminated John's employment with the Company on January 16, 2015, for these and other reasons.  A copy of a January 16, 2015 email from Kelly to John confirming John's termination is attached hereto as Ex. 3.  In the State Action, Venus sought and obtained an Agreed Temporary Restraining Order, which, among other things, enjoins John from acting on behalf of the company or representing himself as an officer or director of Venus.  A copy of Venus' Motion, Brief (without exhibits) and the Agreed Temporary Restraining Order are attached as Ex. 4.

12.      John is no longer sponsored, authorized or in any way connected with Venus as a result of his termination.  John's sole association with Venus is as a beneficiary to certain trusts that hold minority non-voting interests in Company stock.

13. Earthy, LLC has never been licensed, sponsored, authorized or in any way connected with Venus.

14. Defendants have never sought, nor has Venus ever provided, a license to Defendants for the use of the EARTHY trademark, or to market or sell Earthy Branded Products.

**The Inception of the Earthy Branded Products**

15. In 2013, Venus began selling an exclusive, premium brand of household cleaners and personal care products that it had created and developed, called Earthy, using Company assets and employees to develop, market, manufacture, and distribute the product line, which could be presented as a "private label" to the public.

16. Venus sells its premium Earthy Branded Products largely through distributors.

17. Venus developed the formulae for each of the Earthy Branded Products and utilized Company resources, including personnel who performed the work within the scope of their employment, (such as the Earth Friendly Products chemist Robert Wolford) and Company facilities to design, formulate and test the product, and purchased the required materials. The formulations of the Earthy Branded Products are proprietary information.

18. Company employee, Val Osakada, Creative Strategies Director for Earth Friendly Products ("Val"), originally designed the Earthy Branded Products marketing materials and the original website, on Company time, within the scope of her employment, while being compensated by the Company.

19. Val, also within the scope of her employment, designed multiple Earthy Catalogs (*see* example attached as Ex. 5), digital and magazine advertisements (*see* example attached as Ex. 6), business-to-business promotional handouts, product information sheets, and planograms (*see*

example attached Ex. 7), and presentation materials for retailer proposals (see example attached as Ex. 8).

20.     Venus contracted with and paid Amox Enterprises to develop the label designs for Earthy Branded Products.  Invoices from Amox Enterprises dated August 22, 2012, November 16, 2012, December 24, 2012, March 29, 2013, July 17, 2013 are attached as Ex. 9.

21.     John, in his capacity as an employee of the Company, was involved with coordinating vendors and promoting the product line.

22.     Venus sales for the Earthy Branded Products resulted in $38,300.37 in revenue in 2013, $47,528.09 in 2014, and $40,278.75 in 2015 (sales for 2015 are through January 26, 2015). Attached is a true and correct copy of the revenues generated from products sold by Venus, including the product names and purchasers, as Ex. 10.

23.     Earthy, LLC did not manufacture or sell Earthy Branded Products.  On March 10, 2014, John admitted in e-mail correspondence to his accountant that "Earthy [LLC] has no revenue or expenses" to report for tax purposes in 2013 and that "EFP [Venus] is footing the bill right now [for Earthy Branded Products]."  Email is attached as Ex. 11.  Therefore, Earthy, LLC had zero Earthy Branded Product sales revenue through 2013, in contrast to Venus' $38,300.37 in Earthy Branded Products revenue in 2013.  Furthermore, in the State Action, John alleges that Venus and Kelly "have known for years" about Earthy LLC's supposed sales of "environmentally friendly cleaning products," which is belied by John's admission to his accountant that Earthy LLC has no revenue or expenses.

24.     John has never tendered payment to Venus for the use of Company resources to develop Earthy Branded Products.  JV Cmplt. ¶¶2, 52, 55.

25.     In the State Action, John seeks all rights to the Earthy Branded Products, alleging that he started and developed the business line (while employed at Venus) and that it was "his." JV Cmplt. ¶¶ 2, 52, 55.

26.     As John has acknowledged, Venus has "footed the bill" for the Earthy Branded Products and has paid all expenses, received all revenues, and invested its own Company resources into developing the brand.  Now John seeks to misappropriate the efforts and expenditures of Venus for his own personal gain.

<u>**EARTHY Trademark Registration and Use**</u>

27.     John has also made efforts to claim ownership of the EARTHY trademark and brand for the purpose of selling household cleaning products, which rightfully belong to Venus.

28.     Defendants applied to register the trademark for EARTHY using Venus' funds, attorneys, and resources.

29.     Notably, the trademark application filed by Defendants was for the EARTHY logo that Venus exclusively used in commerce to sell Earthy Branded Products.

30.     Not only did Venus "foot[] the bill" for Earthy Branded Products, it also footed the bill for the registration of the trademark, both through John's use of Company time and resources and by paying legal fees to the law firm (Thompson Coburn LLP) for legal services provided for the trademark registration.

31.     In or around May 2013, without Company authorization and while an employee and director of Venus, John directly engaged Venus' counsel at the time, Thompson Coburn, to apply to register the EARTHY trademark.  Venus paid Thompson Coburn monthly general retainer fee invoices during the time in question, without a description as to the scope of legal services provided by Thompson Coburn despite multiple requests for more information by Venus' General

Counsel, Amber Enriquez. E-mails between Venus' General Counsel and Thompson Coburn attached as Ex. 12.

32. The EARTHY trademark application registered as U.S. Registration No. 4,664,428. Certificate of Registration is attached as Ex. 13.

33. The EARTHY trademark was registered using Company resources by Company counsel. The EARTHY mark has been used exclusively by Venus to market and sell Earthy Branded Products since 2013. Therefore, all rights to the trademark developed in connection with the sale of Earthy Branded Products in commerce belong to Venus, not to John or Earthy, LLC, and all trademark and other rights associated with the EARTHY trademark inure to Venus, not to John or Earthy, LLC.

34. Defendants made false, material representations in their statements when applying for the EARTHY trademark on May 24, 2013, when the application was filed, and on October 15, 2014, when the Statement of Use and specimen was filed. A true and correct copy of the Statement of Use, specimen, and signed declaration are attached as Ex. 14.

35. Defendants falsely stated that Earthy, LLC was the owner of the trademark and that no other entity had the right to use the mark in commerce. *Id*.

36. John also stated that Earthy, LLC – not Venus – was using the mark in commerce, and that such use inured to the benefit of Earthy, LLC. *Id*.

37. John signed declarations under oath attesting to these representations, despite his knowledge that Venus was exclusively using the mark in commerce and had the right to use the mark. *Id*.

**John's Unauthorized Use of Earthy Branded Products While Employed by Venus**

38.　　During John's employment with Venus he attempted to claim ownership of Earthy Branded Products.  All of this was done despite the fact that John knew, and even admitted, that Venus footed the bill for the development of the Earthy Branded Products.

39.　　John, without Company authorization, worked with Company vendors to develop the www.earthyreport.com and http://earthy.me/ websites, which are registered to Earthy, LLC.

40.　　The http://earthy.me/ website seeks to provide consumers with an opportunity to purchase Earthy Branded Products directly through the website, from Earthy, LLC, which are made and sold by Venus.  It also provides a store locator for consumers to find and purchase Earthy Branded Products, products which originate from Venus.

41.　　While employed by Venus, John requested and attempted to schedule separate meetings with third parties, without other Venus representatives present, during the Expo West 2015 Trade Show to be held March 6-8, 2015 in Anaheim, CA for the promotion of "earthy [*sic*]."  December 9, 2014 email and attached request form from John to Laurie Winter, attached as Ex. 15.

42.　　John also contacted tradeshow operators to request a separate booth for "Earthy," at the KeHe 2015 Natural Spring Show to be held on April 29-30 in Indianapolis, Indiana even though Venus already has a booth.  John stated he "[d]efinitely plan[s] on attending" although "EFP [Earth Friendly Products] has already signed up for a booth, but I want a separate one for earthy." He also inquired how to sign up "earthy" as a new vendor in KeHe's database.  December 2, 2014 e-mails between John and Julie Shishkoff attached as Ex. 16.

43.　　John's abuse and misappropriation of Company resources was not limited to Earthy Branded Products.  He also utilized Venus' patent attorney at McDermott Will & Emery to

perform patent-related services for John personally, without Venus' knowledge or authorization. Venus' investigation into this matter, which was just discovered on February 19, 2015, is preliminary and ongoing.  Invoices from McDermott Will & Emery are attached as Ex. 17.

### John's Unauthorized Use of Earthy Branded Products After Termination from Venus

44.    Since his termination from Venus, John has prominently and without authorization used the EARTHY trademark in connection with the promotion and sale of household cleaning products.

45.    The Company also learned that despite his termination, John continues to market and sell Earthy Branded Products through industry tradeshows and through the www.earthyreport.com and http://earthy.me/ websites, without license from Venus.

46.    The www.earthyreport.com website is plastered with advertisements promoting the sale of Earthy Branded Products using the EARTHY trademark. www.earthyreport.com screenshots attached as Ex. 18.

47.    The http://earthy.me/ website is also anchored by the EARTHY trademark on nearly every screen. http://earthy.me/ screenshots attached as Ex. 19.

48.    John engaged an outside vendor, Scott Clarke of Decorative Container, to produce packaging for "Earthy" products, without authorization from the Company.  Scott Clarke contacted John as recently as February 18, 2015, and has requested John's "game plan" concerning the production of bottles for "Earthy" products.  Sample emails between Scott Clarke and John attached as Ex. 20.

### Summary of Infringing Conduct

49.    Due to John's promotion and sale of Earthy Branded Products and his ongoing use of the EARTHY mark both individually and through Earthy, LLC, Defendants' actions threaten to

confuse the market and exploit Earthy Branded Products, which the Company has cultivated, developed, and funded since 2013.

50.     John, both individually and through Earthy, LLC, currently persists in his infringing conduct with his unauthorized marketing and sale of the products.  As he is no longer a director or employee of Venus, and Defendants' unlicensed use of the EARTHY mark is likely to cause confusion in the marketplace and decrease the value and integrity of the EARTHY mark with each infringement.

51.     Defendants' use of the EARTHY mark naturally confuses and misleads consumers seeking to purchase Earthy Branded Products from the Company, a well-known and well-respected environmentally conscious company.  Venus primarily sells its products, including Earthy Branded Products, through longstanding distributor relationships.  Having John – a "Vlahakis" with a longstanding connection with the family-owned business – aggressively promoting the exact same product will cause major confusion in the marketplace.  Defendants' use of the EARTHY mark has already caused actual confusion in the marketplace.  For instance, on February 19, 2015, an account executive, Linda Stern, from WFMT/WTTW Chicago Broadcast Company, contacted John via e-mail and advised him that she went Treasure Island (a local grocery chain) and "asked for Earthy dishwashing liquid and she asked if I meant Earth Friendly."  She went on to say "[t]ime to let people know you're there. At the very least lets (*sic*) get started with the Guide because that takes lead time.  Need to move now to get you in for April. Radio too?"  A true and correct copy of Linda Stern's e-mail to John on February 19, 2015 is attached as Ex. 21.  Defendants must not be permitted to dilute the Company's goodwill in the marketplace by virtue of Defendants' unauthorized and infringing use of the EARTHY mark.

52.    Unless Defendants cease their unauthorized, infringing, and intentionally confusing use of the EARTHY mark, consumers will continue to be confused by Defendants' false and deceptive acts.  Such confusion will eventually allow Defendants to destroy the ability of EARTHY to designate a single source, and will result in the complete devaluation of the EARTHY mark.

**COUNT I**
**DECLARATORY JUDGMENT OF VENUS'**
**OWNERSHIP OF THE EARTHY TRADEMARK**

53.    Venus repeats and realleges paragraphs 1 through 52 above by reference as if fully set forth herein.

54.    Since 2013 Venus has continuously used the EARTHY trademark in commerce in connection with household cleaning products.

55.    Defendants never possessed any ownership rights in the EARTHY trademark.

56.    As the proper owner and senior user of the EARTHY trademark, Venus is entitled to the exclusive use of the mark, and ownership of the EARTHY trademark registration.

57.    As the proper owner and senior user of the EARTHY trademark, all use of the EARTHY trademark in association with household cleaning products inures to Venus' benefit.

58.    Venus seeks declaratory relief that it is the proper owner and senior user of the EARTHY trademark registration and that Defendants have no rights in the EARTHY trademark.

**COUNT II**
**FALSE OR FRAUDULENT REGISTRATION**

59.    Venus repeats and realleges paragraphs 1 through 58 above by reference as if fully set forth herein.

60. Defendants knowingly made false, material representations to the USPTO with the



intent to deceive the USPTO into issuing Registration No. 4,664,428 - .

61. Defendants' false, material representations include their statement that Earthy, LLC was the owner of the trademark sought to be registered and that no other entity had the right to use the mark in commerce, as well as its statement that Earthy, LLC was using the mark in commerce and such use inured to the benefit of Earthy, LLC. Specifically, these statements were made and signed by John when the EARTHY trademark application was filed on May 24, 2013 and when the Statement of Use and specimen was filed on October 15, 2014. Defendants knew that these representations were false at the time they were made. Notwithstanding this knowledge that such statements were false, John personally signed declarations attesting to these representations.

62. Defendants' false, material representations caused the EARTHY trademark registration to be improperly issued to Earthy, LLC by the USPTO. Defendants' acts constitute false and fraudulent registration in violation of Section 38 of the Lanham Act, 15 U.S.C. § 1120.

63. Venus has suffered, and continues to suffer, substantial and irreparable injury as a result of the improper issuance of the EARTHY trademark registration to Earthy, LLC.

64. By reason of Defendants' acts set forth above, Venus has been injured in its business and property. The injury to Venus continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Venus for its injuries and Venus has no adequate remedy at law.

## COUNT III
## TRADEMARK INFRINGEMENT

65.     Venus repeats and realleges paragraphs 1 through 64 above by reference as if fully set forth herein.

66.     Venus has used the EARTHY trademark in commerce in connection with household cleaning products since 2013.  Venus has used the EARTHY trademark in interstate commerce to identify its Earthy Branded Products.  As a result of this use, consumers have come to associate the products manufactured by Venus with the EARTHY trademark.

67.     Defendants' acts as set forth above constitute intentional and willful infringement of Venus' rights in and to its mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     By reason of Defendants' acts set forth above, Venus has been injured in its business and property.  The injury to Venus continues to be immediate and irreparable.  An award of monetary damages alone cannot fully compensate Venus for its injuries and Venus has no adequate remedy at law.

69.     Defendants' acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

70.     Venus repeats and realleges paragraphs 1 through 69 above by reference as if fully set forth herein.

71.     Defendants' use of the EARTHY mark is calculated and likely to cause confusion and deception.  The consuming public is likely to believe that Defendants are licensed, sponsored,

authorized or in some way associated or connected with Venus, or that Defendants are the source of the Earthy Branded Products.

72.     Defendant's acts set forth above constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a).

73.     By reason of Defendants' acts set forth above, Venus has been injured in its business and property.  The injury to Venus continues to be immediate and irreparable.  An award of monetary damages alone cannot fully compensate Venus for its injuries and Venus has no adequate remedy at law.

74.     Defendants' acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**COUNT V**
**CANCELLATION OF TRADEMARK REGISTRATION OR**
**CONSTRUCTIVE TRUST OVER TRADEMARK REGISTRATION**

75.     Venus repeats and realleges paragraphs 1 through 74 above by reference as if fully set forth herein.

76.     As referenced herein, Defendants have improperly procured trademark Registration

No. 4,664,428 -  through fraud and false representations.  The continued ownership of the EARTHY registration by Earthy, LLC wrongfully gives Defendants the benefits arising from federal trademark registration, to Venus' detriment.

77.     The continued ownership of the EARTHY trademark registration by Earthy, LLC has caused, and continues to cause, Venus substantial harm and injury.

78.    The continued ownership of the EARTHY trademark registration by Earthy, LLC has caused, and continues to cause, harm to the purchasing public who mistakenly think that Defendants have legitimate rights in the EARTHY trademark.

79.    Because the EARTHY trademark registration was obtained fraudulently, it is subject to cancellation under Section 14 of the Lanham Act, 15 U.S.C. § 1064.

80.    By reason of Defendants' acts set forth above, Venus has been injured in its business and property.  The injury to Venus continues to be immediate and irreparable.  An award of monetary damages alone cannot fully compensate Venus for its injuries and Venus has no adequate remedy at law.

81.    As a result, the Court should exercise its power under Section 37 of the Lanham Act, 15 U.S.C. § 1119, to rectify the trademark register.  The Court should either place the EARTHY trademark registration in a constructive trust for transfer to its proper owner, Venus, or in the alternative, order cancellation of the registration pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064.

## COUNT VI
## CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES

82.    Venus repeats and realleges paragraphs 1 through 81 above by reference as if fully set forth herein.

83.    Defendants' use of Venus' EARTHY trademark is likely to cause confusion or misunderstanding on the part of consumers as to the source, sponsorship, affiliation, connection, association, certification or approval of Defendants' products.

84.    As a result of these aforesaid acts, Defendants have been and are engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 ILCS 505/1 *et seq*., and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

85.    Upon information and belief, Defendants have willfully engaged in the above described acts in Illinois and in this judicial district.

86.    By reason of Defendants' acts set forth above, Venus has been injured in its business and property.  The injury to Venus continues to be immediate and irreparable.  An award of monetary damages alone cannot fully compensate Venus for its injuries and Venus has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Venus requests this Court to enter the following relief for Venus and against Defendants and their agents, representatives, and all persons acting or claiming to act on Defendants' behalf or under their direction or authority, and all persons acting in concert or in participation with Defendants:

A.  An order preliminarily and permanently enjoining Defendants' use, in any manner whatsoever, of the EARTHY trademark or any confusingly similar mark, including phonetic equivalents to sell household cleaning, personal care or related products;

B.  An order preliminarily and permanently enjoining Defendants from using Company assets, materials, current or former employees, facilities, and equipment to develop, market, sell, distribute, manufacture, any Earthy Branded Products or products bearing the EARTHY mark;

C.  An order preliminarily and permanently enjoining John from entering into any negotiations, executing agreements, or attempting to conduct business on behalf of Earthy Branded Products to sell household cleaning or related products;

D.  An order requiring Defendants to remove language from and deactivate links to any products, merchandise or promotional materials referring to or using the EARTHY mark on any of Defendants' websites or those of any person acting in concert with Defendants;

E.  An order enjoining any further representations by Defendants and Defendants' affiliates that identify John as the founder, owner, operator, or insinuate any other type of affiliation with Earthy Branded Products;

F.  An order restraining and enjoining Defendants from doing and engaging in any of the acts described above and directing Defendants to conform with each and every provision of this prayer for relief;

G.  An order cancelling the EARTHY trademark registration, or placing the EARTHY trademark registration in a constructive trust to transfer to Venus;

H.  That Venus have an accounting for damages and for all the profits together with those profits lost by Venus due to the actions of Defendants claimed of herein;

I.  That Venus be awarded compensatory damages that it has sustained as a result of Defendants' conduct;

J.  That Venus be awarded punitive damages against Defendants;

K.  That the damages against Defendants be trebled pursuant to 15 U.S.C. § 1117;

L.  That Defendants pays Venus' costs and disbursements in pursuing this action, including its reasonable attorneys' fees; and

M.  That Venus have such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

VENUS LABORATORIES, INC.

Dated:  February 23, 2015

By____/s/ Darren Cahr_____
     Darren S. Cahr
     Jeffrey T. Baravetto
     Alexius Cruz O'Malley
     DRINKER BIDDLE & REATH LLP
     191 N. Wacker Dr. Suite 3700
     Chicago, IL 60606
     (312) 569-1000
     *Counsel for Plaintiff Venus*
     *Laboratories, Inc.*

## **JURY DEMAND**

Venus requests a trial by jury on all issues triable by jury.

Dated:  February 23, 2015

By     /s/ Darren Cahr

Darren S. Cahr
Jeffrey T. Baravetto
Alexius Cruz O'Malley
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr. Suite 3700
Chicago, IL 60606
(312) 569-1000
*Counsel for Plaintiff Venus*
*Laboratories, Inc.*

## VERIFICATION

I, Kelly Vlahakis-Hanks, President, Chief Executive Officer, and Treasurer of Venus Laboratories, Inc., verify that I have read the foregoing Verified Complaint, and that the allegations made therein are true to the best of my knowledge, and that allegations made upon information and belief are believed by me to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: February 20, 2015

Kelly Vlahakis-Hanks

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )

County of  Orange          )

On February 20 , 2015 before me, Magdalena Guevara , a notary public, personally appeared  Kelly Vlahakis-Hanks  , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  _____

> **MAGDALENA GUEVARA**
> Commission # 2040119
> Notary Public - California
> Orange County
> My Comm. Expires Sep 7, 2017

78730609.4